UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John Does 1–2 and 4–11,<br><br>Plaintiffs,<br><br>vs.<br><br>Regents of the University of Minnesota, Eric Kaler, and Tina Marisam,<br><br>Defendants. | Civil No. 018-cv-01596 (DWF/HB)<br><br>ANSWER TO AMENDED COMPLAINT |

Defendant Regents of the University of Minnesota ("University"),[1] for its Answer to Plaintiffs' Amended Complaint, admits, denies, and alleges as follows:

## NATURE OF ACTION

1. The University denies the allegations of Paragraph 1.

2. With respect to the allegations of Paragraph 2, the University admits that each Plaintiff is an African-American male and was a University student and a student-athlete on the University's football team. The University also admits that each Plaintiff other than JD1 received a scholarship. The University denies the remaining allegations of Paragraph 2.

3. The University denies the allegations of Paragraph 3.

---

[1] Defendants Eric W. Kaler and Tina Marisam were dismissed from this litigation by the Court's June 25, 2019, memorandum opinion and order granting Defendants' motion to dismiss (Doc. 34). On June 1, 2021, the U.S. Court of Appeals for the Eighth Circuit affirmed the memorandum opinion and order in all regards save one, reversing only as to Plaintiffs' sex discrimination claim asserted under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, as part of Count One of the Amended Complaint.

4. With respect to the allegations of Paragraph 4, the University admits that the Hennepin County Attorney declined to press charges against five of the Plaintiffs, lacks information or knowledge sufficient to form a belief as to the training provided to individuals within the referenced police unit, and denies the remaining allegations of Paragraph 4.

5. With respect to the allegations of Paragraph 5, the University states that Jane Doe's petition for a restraining order, the referenced "written agreement," and the November 3, 2016, court order in Case No. 27-CV-16-14804 speak for themselves. The University denies the allegations of Paragraph 5 to the extent they are inconsistent with these documents.

6. With respect to the allegations of Paragraph 6, the University admits that events of September 2, 2016, were reported to its Office of Equal Opportunity and Affirmative Action (EOAA). The University denies the remaining allegations of Paragraph 6.

7. The University denies the allegations of Paragraph 7.

8. With respect to the allegations of Paragraph 8, the University admits that EOAA found it more likely than not that nine student-athletes had violated the University's Administrative Policy: *Sexual Harassment*, the University's Administrative Policy: *Sexual Assault, Stalking and Relationship Violence*, and/or the University's Board of Regents Policy: *Student Conduct Code*. The University denies the remaining allegations of Paragraph 8.

9. The University denies the allegations of Paragraphs 9 through 13.

## PARTIES[2]

1.      The University admits the allegations of the Amended Complaint's second Paragraphs 1 through 3.

2.      With respect to the allegations of the Amended Complaint's second Paragraph 4, the University admits that Eric W. Kaler is a citizen of the State of Minnesota. The University denies the remaining allegations of the Amended Complaint's second Paragraph 4.

3.      With respect to the allegations of the Amended Complaint's second Paragraph 5, the University admits that Tina Marisam is a citizen of the State of Minnesota, was the Assistant Director of EOAA at all periods relevant to the Amended Complaint, and was subsequently promoted to Director of EOAA. The University denies the remaining allegations of the Amended Complaint's second Paragraph 5.

## JURISDICTION

4.      With respect to the allegations of the second Paragraphs 6 through 8 of the Amended Complaint, the University states that Plaintiffs' claims against it for breach of contract and negligence are barred by Eleventh Amendment sovereign immunity. The University does not otherwise contest the allegations of these Paragraphs, but it does not waive the right to do so.

---

[2] The paragraphs of the Amended Complaint restart numbering from 1 following the "PARTIES" heading, which means that there are two paragraphs numbered 1 through 13 in the Amended Complaint. This Answer addresses the paragraphs sequentially.

## FACTS

5. With respect to the allegations of the Amended Complaint's second Paragraph 9, the University admits that the football team won its football game on September 1, 2016. The University lacks information or knowledge sufficient to form a belief as to the remaining allegations of the Amended Complaint's second Paragraph 9 and therefore denies them.

6. With respect to the allegations of the Amended Complaint's second Paragraph 10, the University denies that Jane Doe began flirting with JD1 and a 17-year-old football recruit who was visiting campus. The University admits the remaining allegations of the Amended Complaint's second Paragraph 10.

7. With respect to the allegations of the Amended Complaint's second Paragraph 11, the University admits that Jane Doe left Apartment A with JD1 and the recruit to go to JD1's apartment. The University further states that the report of the Minneapolis Police Department regarding the events of September 2, 2016, speaks for itself. The University denies the allegations of the second sentence of the Amended Complaint's second Paragraph 11 to the extent they are inconsistent with the police report.

8. With respect to the allegations of the Amended Complaint's second Paragraph 12, the University admits that JD1's apartment had four bedrooms and a separate kitchen and living room and that four student-athletes on the football team lived in the apartment. The University lacks information or knowledge sufficient to form a belief as to the remaining allegations of the Amended Complaint's second Paragraph 12 and therefore denies them.

9. The University denies the allegations of the Amended Complaint's second Paragraph 13.

10. With respect to the allegations of Paragraph 14, the University admits that JD1 used his cell phone to record approximately 90 seconds of his encounter with Jane Doe and the recruit. With respect to the remaining allegations of Paragraph 14, the University states that the report of the Minneapolis Police Department regarding the events of September 2, 2016, speaks for itself. The University denies the allegations of the Paragraph 14 to the extent they are inconsistent with the police report.

11. With respect to the allegations of Paragraph 15, the University states that the contents of the 90-second video speak for themselves. The University denies the allegations of Paragraph 15 to the extent they are inconsistent with the contents of the video.

12. With respect to the allegations of Paragraph 16, the University admits that Jane Doe matched with JD2 on Tinder. The University denies the remaining allegations of Paragraph 16.

13. The University denies the allegations of Paragraph 17.

14. With respect to the allegations of Paragraph 18, the University admits that JD6 visited Apartment B on September 2, had a conversation with Jane Doe, and left Apartment B. The University denies the remaining allegations of Paragraph 18.

15. The University denies the allegations of Paragraphs 19 through 23.

16. The University admits the allegations of Paragraphs 24 and 25.

17. With respect to the allegations of Paragraph 26, the University states that the

report of the Minneapolis Police Department regarding the events of September 2, 2016, speaks for itself.  The University denies the allegations of Paragraph 26 to the extent they are inconsistent with the police report.

18.     The University admits the allegation of Paragraph 27 that the Hennepin County Attorney declined to proceed with charges.

19.     With respect to the allegations of Paragraph 28, the University admits that, in September 2016, Jane Doe and her mother told the University's spirit squad coach that Jane Doe had been "gang raped by 20 guys on the football team" and that the coach reported the allegations to his supervisor.  The University denies the remaining allegations of Paragraph 28.

20.     With respect to the allegations of Paragraph 29, the University admits that Jane Doe's mother contacted the University in September 2016 to report that Jane Doe had been sexually assaulted and to ask about academic accommodations for Jane Doe.  The University denies the remaining allegations of Paragraph 29.

21.     The University admits the allegations of Paragraph 30.

22.     With respect to the allegations of Paragraph 31, the University states that its policies, procedures, and *Student Conduct Code* speak for themselves.  The University denies the allegations of Paragraph 31 to the extent they are inconsistent with the University's policies and procedures.

23.     The University denies the allegations of Paragraph 32.

24.     With respect to the allegations of Paragraph 33, the University admits that EOAA and Ms. Marisam investigated an allegation of sexual misconduct by student-

6

athletes on the University's football team in 2015. The University states that the investigation resulted in findings that several student-athletes had violated the *Student Conduct Code*. The University further states that the statement of then-Interim Director of Athletics Beth Goetz speaks for itself, and the University denies the allegations of the second sentence of Paragraph 33 to the extent they are inconsistent with Ms. Goetz's statement. The University denies the remaining allegations of Paragraph 33.

25. With respect to the allegations of Paragraph 34, the University states that the email from EOAA director Kimberly Hewitt to Director of Athletics Norwood Teague and President Kaler speaks for itself. The University denies the allegations of Paragraph 34 to the extent they are inconsistent with Ms. Hewitt's email. The University denies the remaining allegations of Paragraph 34.

26. The University denies the allegations of Paragraphs 35 and 36.

27. With respect to the allegations of Paragraph 37, the University admits that JD7 lived in Apartment A and visited Apartment B on the morning of September 2, and that Jane Doe did not recall having sexual contact with JD7. The University also admits that JD8 lived in Apartment B and was in Apartment B on the morning of September 2, and that Jane Doe did not recall having sexual contact with JD8. The University admits that JD10 lived in Apartment B and was in Apartment B on the morning of September 2, and that Jane Doe did not recall having sexual contact with JD10. The University further admits that JD9 lived in another apartment building and visited Apartment A on the morning of September 2, and that Jane Doe did not recall having sexual contact with JD9. The University also admits that JD11 lived in Apartment A and was responsible for

7

hosting the recruit visiting campus following the September 1 football game, and that JD11 was in Apartment B on the morning of September 2. The University admits that JD6 visited Apartment B on the morning of September 2, had a conversation with Jane Doe, and left Apartment B. The University also states that Jane Doe's affidavit filed in Hennepin County District Court speaks for itself. The University further states that the report of the Minneapolis Police Department regarding the events of September 2, 2016, speaks for itself, and the University denies the allegations of Paragraph 37 regarding the police report to the extent they are inconsistent with the report. The University denies the remaining allegations of Paragraph 37.

28. The University denies the allegations of Paragraphs 38 and 39.

29. With respect to the allegations of Paragraph 40, the University states that the EOAA report regarding the events of September 2, 2016, speaks for itself, and the University denies the allegations of Paragraph 40 to the extent they are inconsistent with the EOAA report. The University denies the remaining allegations of Paragraph 40.

30. With respect to the allegations of Paragraphs 41 and 42, the University states that its policies, procedures, and *Student Conduct Code* speak for themselves. The University denies the allegations of Paragraphs 41 and 42 to the extent they are inconsistent with the University's policies and procedures.

31. The University denies the allegations of Paragraphs 43 and 44.

32. With respect to the allegations of Paragraphs 45 and 46, the University lacks knowledge or information as to which "University records" Plaintiffs reference and therefore denies the allegations in Paragraphs 45 and 46.

33. The University denies the allegations of Paragraph 47.

34. With respect to the allegations of Paragraph 48, the University admits that, following the issuance of the EOAA report, the ten student-athletes found responsible for violating the *Student Conduct Code* or University policy were suspended from the football team. The University denies the remaining allegations of Paragraph 48.

35. With respect to the allegations of Paragraph 49, the University states that the referenced statements made by President Kaler speak for themselves. The University denies the allegations of Paragraph 49 to the extent they are inconsistent with President Kaler's statements. The University further denies the remaining allegations of Paragraph 49.

36. With respect to the allegations of Paragraph 50, the University admits that, following the suspension from the football team of the ten student-athletes found responsible for violating the *Student Conduct Code* or University policy, the student-athletes on the football team announced a boycott of the upcoming Holiday Bowl in which the team was scheduled to play. The University denies the remaining allegations of Paragraph 50.

37. The University denies the allegations of Paragraphs 51 and 52.

38. With respect to the allegations of Paragraph 53, the University states that the referenced statements made by President Kaler speak for themselves. The University denies the allegations of Paragraph 53 to the extent they are inconsistent with President Kaler's statements. The University further denies the remaining allegations of Paragraph 53.

39. The University denies the allegations of Paragraphs 54 and 55.

40. With respect to the allegations of Paragraph 56, the University admits that the ten student-athletes found responsible for violating the *Student Conduct Code* or University policy requested a formal hearing before the University's Student Sexual Misconduct Subcommittee (SSMS) of the Campus Committee on Student Behavior and that the hearing was held on January 26 and 27, 2017. The University denies the remaining allegations of Paragraph 56.

41. The University denies the allegations of Paragraph 57.

42. With respect to the allegations of Paragraph 58, the University states that the U.S. Department of Education's Office for Civil Rights' 2011 "Dear Colleague" letter speaks for itself. The University denies the allegations of Paragraph 58 to the extent they are inconsistent with the "Dear Colleague" letter. The University denies the remaining allegations of Paragraph 58.

43. With respect to the allegations of Paragraph 59, the University states that the 2017 statements of the Secretary of Education speak for themselves. The University denies the allegations of Paragraph 59 to the extent they are inconsistent with those statements. The University denies the remaining allegations of Paragraph 59.

44. The University denies the allegations of Paragraphs 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, and 75.

## **COUNT ONE**

45. The University repeats each of the responses contained in Paragraphs 1 through 44 of this Answer.

46. With respect to the allegations of Paragraph 77, the University states that Title IX of the Education Amendments of 1972 speaks for itself. The University denies the allegations of Paragraph 77 to the extent they are inconsistent with Title IX.

47. Paragraph 78 sets forth legal conclusions to which no response is required. To the extent a response is required, the University denies the allegations of Paragraph 78.

48. The University admits the allegations of Paragraphs 79 and 80.

49. The University denies the allegations of Paragraph 81.

50. With respect to the allegations of Paragraph 82, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and the U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal on June 1, 2021 (Case No. 19-2552). To the extent any further responsive pleading is required, the University generally denies the allegations in this Paragraph.

51. The University denies the allegations of Paragraph 83.

## COUNT TWO

52. The University repeats each of the responses contained in Paragraphs 1 through 51 of this Answer.

53. With respect to the allegations of Paragraphs 84 through 90, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and the U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal on June 1, 2021 (Case No. 19-2552). To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT THREE

54.   The University repeats each of the responses contained in Paragraphs 1 through 53 of this Answer.

55.   With respect to the allegations of Paragraphs 91 through 97, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and the U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal on June 1, 2021 (Case No. 19-2552).  To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT FOUR

56.   The University repeats each of the responses contained in Paragraphs 1 through 55 of this Answer.

57.   With respect to the allegations of Paragraphs 98 through 104, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and the U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal on June 1, 2021 (Case No. 19-2552).  To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT FIVE

58.   The University repeats each of the responses contained in Paragraphs 1 through 57 of this Answer.

59.   With respect to the allegations of Paragraphs 105 through 111, the University

states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and Plaintiffs did not appeal the dismissal. To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT SIX

60. The University repeats each of the responses contained in Paragraphs 1 through 59 of this Answer.

61. With respect to the allegations of Paragraphs 112 through 115, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and Plaintiffs did not appeal the dismissal. To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT SEVEN

62. The University repeats each of the responses contained in Paragraphs 1 through 61 of this Answer.

63. With respect to the allegations of the third Paragraphs 1 through 4 of the Amended Complaint, the University states that these allegations have been dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and the U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal on June 1, 2021 (Case No. 19-2552). To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT EIGHT

64. The University repeats each of the responses contained in Paragraphs 1 through 63 of this Answer.

65. With respect to the allegations of the third Paragraphs 5 through 11 of the Amended Complaint, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and Plaintiffs did not appeal the dismissal. To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

## COUNT NINE

66. The University repeats each of the responses contained in Paragraphs 1 through 65 of this Answer.

67. With respect to the allegations of the third Paragraphs 12 and 13 and the second Paragraphs 14 and 15 of the Amended Complaint, the University states that these allegations were dismissed by this Court's memorandum opinion and order dated June 25, 2019 (Doc. 34), and the U.S. Court of Appeals for the Eighth Circuit affirmed the dismissal on June 1, 2021 (Case No. 19-2552). To the extent any further responsive pleading is required, the University generally denies the allegations in this Count.

68. The University denies any allegation set forth in the Amended Complaint unless specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' claim may be barred by the doctrine of waiver.

3. Plaintiffs' claim may be barred by the doctrine of contributory negligence.

4. Plaintiffs' claim may be barred by the doctrine of consent.

5. Plaintiffs' claim may be barred, in whole or in part, based on expiration of applicable statutes of limitation.

6. Plaintiffs' claim may be barred, in whole or in part, because Plaintiffs failed to exhaust their administrative remedies and failed to avail themselves of remedies available to them as University students.

7. Plaintiffs' claim may be barred, in whole or in part, due to their failure to reasonably mitigate their alleged damages.

8. Plaintiffs' losses or damages, if any, resulted from their own actions and misconduct.

9. The University's conduct was neither discriminatory or unlawful.

WHEREFORE, the University requests that the Amended Complaint be dismissed with prejudice; that judgment be entered in favor of the University; that the University be awarded its costs and attorneys' fees incurred in defending against this action; and all such further relief as the Court deems equitable and just.

DOUGLAS R. PETERSON
General Counsel
University of Minnesota

Dated: June 30, 2021

By /s/ Carrie Ryan Gallia
Brian J. Slovut (# 236846)
Deputy General Counsel
Carrie Ryan Gallia (# 0390479)
Senior Associate General Counsel
360 McNamara Alumni Center
200 Oak Street S.E.
Minneapolis, MN 55455-2006
(612) 624-4100
slov0002@umn.edu
ryang001@umn.edu

Attorneys for Defendant